Case 2:14-cv-00484 Document 27 Filed in TXSD on 12/17/15 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
December 17, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-484 |
| | § | |
| ALL PROPERTY AND ASSETS ON | § | |
| DEPOSIT OR HELD IN THE UBS | § | |
| FINANCIAL SERVICES, INC. | § | |
| ACCOUNT NUMBER OM 05095, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON CLAIMANT'S MOTION TO COMPEL

This is a civil forfeiture action *in rem* brought by the United States pursuant to 18 U.S.C. 981(a)(1). The defendant property at issue is approximately $1,109,989.66 held in a UBS Financial Services, Inc. brokerage account. The case involves allegations the defendant property was the proceeds of illegal money laundering related to high level corruption of former public officials of the State of Tamaulipas, Mexico. The United States posted notice of this civil forfeiture action and Claimant Luis Gerardo De La Garza filed a claim. (D.E. 7, 9). The case has been referred to the undersigned Magistrate Judge for case management pursuant to 28 U.S.C. § 636.[1]

Pending is Claimant's motion to compel and motion to stay depositions. (D.E. 23). The United States has filed a response. (D.E. 24). A hearing was held on December 16, 2015 at which the undersigned ruled from the bench on the pending

---

[1] *See* Special Order No. C-2013-01 on file with the District Clerk.

motion. This order summarizes the issues and the undersigned's rulings and also address the undersigned's in camera review of certain documents after the hearing.

Claimant has requested production from the United States of certain documents relevant to the instant forfeiture action. The pending civil action is related to a larger ongoing federal criminal investigation involving allegations of corruption of Mexican public officials and unlawful money laundering of the proceeds of that activity in the Southern District of Texas and other locations. The disputed documents relate to the federal criminal investigation and for purposes of this order are divided into two categories: (1) documents withheld from Claimant by the United States as privileged and not disclosed other than being noted in Plaintiff's privilege log; and (2) documents claimed to be privileged by the United States but made available for review to Claimant's lawyer.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Regarding the first category, the United States claims those documents are not subject to disclosure because they are protected by the law enforcement privilege. *See Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). Claimant disputes the applicability of the privilege. Both parties have requested the Court to review the documents in camera for a determination of whether the documents are subject to the law enforcement privilege.

In making a determination of the applicability of the law enforcement privilege the Court should considered the factors set forth in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. Mar. 13, 1973); *See In Re: United States Department of Homeland Security*, 459 F.3d 565, 570 (5th Cir. 2006). The *Frankenhauser* test consists of weighing the following ten factors: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

The United States provided the undersigned with an encrypted password protected disc which contains the disputed documents. The undersigned conducted an in camera

review of the documents and having applied the *Frankenhauser* factors finds they are protected by the law enforcement privilege.[2]

Therefore, it is **ORDERED** that the documents submitted for an in camera review shall not be disclosed to Claimant.

The second category of disputed documents are the those viewed by Claimant's counsel but which the United States has refused to provide a copy to Claimant's counsel. The United States has asserted the law enforcement privilege and has disclosed the documents subject to and reserving the privilege. The United States maintains the disclosure of these documents will facilitate the resolution of this civil proceeding but providing copies will jeopardize the criminal investigation. The United States has resisted providing copies of these documents to Claimant because of concerns the documents and information contained therein will be inadvertently disclosed to persons who may compromise the criminal investigation. Despite these concerns, counsel for the United States indicated copies of the previously viewed documents would be made available for Claimant's counsel to use during the depositions of Claimant and the case agent.

The undersigned has previously entered a protective order (D.E. 20) governing Claimant and his lawyer's use and disclosure of the discovery in this case. Claimant's attorney is subject to the protective order and stated clearly on the record he will not disclose the information in the disputed documents to third parties and that he will

---

[2] The last document on the disc was composed entirely in Spanish and was difficult to read because it was of poor quality. The undersigned reviewed the document with the assistance of a Court interpreter who is a court employee and is satisfied the document is privileged.

comply with the protective order. The undersigned finds that providing a copy of the documents previously made available to Claimant's counsel will not prejudice the United States because these documents are subject to a protective order.

Therefore, it is **ORDERED** that the United States shall provide a copy to Claimant's counsel of the documents claimed to be privileged but made available for review to Claimant's lawyer. This order does not waive any claim of privilege the United States may have to these documents or the information contained therein. It is further **ORDERED** that Claimant's counsel shall return these documents to counsel for the United States at the conclusion of the case.

Further, the documents ordered to be copied for Claimant's counsel are not so voluminous as to impair counsel's preparation for the depositions. Therefore, Claimant's motion to postpone the deposition of Claimant and the case agent is **DENIED**.

ORDERED this 17th day of December, 2015.

_____
Jason B. Libby
United States Magistrate Judge